IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ABEL CRUZ MOLINA,**

    **Plaintiff,**

    v.                                                                                    CASE NO. 24-3110-JWL

**CALEB POSCH, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Abel Cruz Molina, a state pretrial detainee currently housed at the Sedgwick County Adult Detention Facility (SCADF) in Wichita, Kansas, filed this pro se civil rights action under 42 U.S.C. § 1983. He has been granted leave to proceed without prepayment of fees. (*See* Doc. 4.) The Court has conducted the statutorily required initial screening of the complaint and finds that, for the reasons explained below, this matter is subject to dismissal in its entirety for failure to state a plausible claim for relief. The Court will grant Plaintiff time, however, in which to file a complete and proper amended complaint on the required court-approved form that cures the deficiencies identified herein. If Plaintiff fails to timely file an amended complaint that cures the deficiencies, this matter may be dismissed without prejudice and without further prior notice to Plaintiff.

    **I.**    **Nature of the Matter before the Court**

Plaintiff names as Defendants in this matter Sergeant Caleb Posch, Captain Jarod Scott, and Captain Paula Smith, all of whom work at the SCADF. (Doc. 1, p. 1-3.) As the factual background for his complaint, Plaintiff alleges that on November 10, 2023, around 6:00 p.m., while he was housed in the segregation pod, he was attacked by another inmate, Skylar Smith,

1

whom other inmates, who had previously threatened Plaintiff, had paid to attack Plaintiff. (Doc. 1, p. 6.) Plaintiff further alleges that Smith or the inmates who paid him to attack Plaintiff had previously threatened Plaintiff. (Doc. 1-1, p. 3.) Smith punched and stomped on Plaintiff, who suffered a broken jaw and a broken nose. (Doc. 1, p. 6.) Plaintiff was in the infirmary for 3 weeks before his jaw was repaired and wired for healing. (Doc. 1, p. 6; Doc. 1-1, p. 1.)

Plaintiff further alleges that prior to the attack, he was housed at SCADF in protective custody and had been flagged against inmates housed in the segregation pod. (Doc. 1, p. 4-5; Doc. 1-1, p. 5.) Approximately one week prior to the attack, Plaintiff had told Defendant Posch that he "would get severely hurt" if he was housed in the segregation pod. *Id.* at 8; (Doc. 1-1, p. 1, 5). Defendant Posch responded, "Well, we'll see what happens" or "Well, we'll see," and pointed out that Plaintiff had requested flags against at least one inmate in nearly every housing pod. (Doc. 1-1, p. 1, 3, 5.)

As the sole count in this civil rights action, Plaintiff alleges the violation of his constitutional right as a pretrial detainee to remain free from cruel and unusual punishment. (Doc. 1, p. 3.) He appears to base this claim on moving him to the segregation pod despite his warnings that he would be unsafe there. *Id.* at 4. As relief, he seeks an investigation of Defendant Posch and "all facility policies and operations" as well as $200,000.00 in damages. *Id.* at 6.

## II. Screening Standards

Because Plaintiff is a prisoner and is proceeding without prepaying the filing fee, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint and holds it to "less stringent

standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).

### III. Discussion

#### a. Defendants Scott and Smith

This action is subject to dismissal as against Defendants Scott and Smith because the complaint does not sufficiently allege their personal participation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is

3

inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).[1] In addition, an allegation that an official denied or failed to respond to a grievance is not enough to show personal participation as required for a plausible claim under § 1983. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

A viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). As a result, Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights. Even liberally construing the complaint and taking all the facts alleged therein as true, Plaintiff has not alleged the personal participation of either Defendant Smith or Defendant Scott in the decision to move Plaintiff to the segregation pod despite Plaintiff's fears for his safety. Thus, Plaintiff has failed to state a plausible claim for relief against Defendant Scott or Defendant Smith and the claims against them in this matter are subject to dismissal.

b. **Defendant Posch**

Plaintiff alleges more specific acts by Defendant Posch to support his claim that Defendant Posch subjected him to unconstitutional cruel and unusual punishment. Although Plaintiff

---

[1] To the extent that Plaintiff intends to allege supervisory liability, he must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id.* at 1204 (citation omitted).

identifies the constitutional provision that was violated as the Eighth Amendment's prohibition of cruel and unusual punishment, "[f]or those in pretrial confinement, such as Plaintiff, claims regarding mistreatment while in custody generally do not come within the protection of the Fourth Amendment or the Eighth Amendment." *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019). This is because the Eighth Amendment "applies to those who have been convicted of crime" and, as a pretrial detainee, Plaintiff has not been convicted. *See id.*

Pretrial detainees' right not to "be punished prior to an adjudication of guilt in accordance with due process of law" stems from the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). When a pretrial detainee contends that a condition of pretrial confinement constitutes punishment, "'[a] court must decide whether the [condition] is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.'" *Colbruno*, 928 F.3d at 1162 (quoting *Bell*, 441 U.S. at 538). Even liberally construing the complaint and the attachments thereto, the facts therein do not support the plausible conclusion that Plaintiff's transfer to the segregation pod was imposed to punish him. A grievance response dated November 27, 2023 explained to Plaintiff:

> "[Y]our behavior caused your housing assignment to be in [the segregation pod]. You have been destroying tablets, lacing paper with chemicals, destroying windows, etc. It appears you are a constant security and behavioral issue in the detention facility. [The segregation pod] was the appropriate housing location, given your behavior and history."

(Doc. 1-1, p. 4.) Thus, Plaintiff's transfer appears to have been an incident of another legitimate governmental purpose: the security of the SCADF.

That being said, the complaint could be liberally construed to allege a claim that Defendant Posch failed to protect Plaintiff from harm at the hands of other inmates. This type of claim, when brought by a pretrial detainee, also arises under the Due Process Clause of the Fourteenth

Amendment, but courts apply to such claims the longstanding analysis used for Eighth Amendment failure-to-protect claims. *See Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see also Hooks v. Atoki*, 983 F.3d 1193, 1203–04 (10th Cir. 2020) (declining to extend the exclusively objective standard for pretrial detainees' excessive force claims to Fourteenth Amendment deliberate indifference claims).

The Eighth Amendment requires prison officials to "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and . . . tak[e] reasonable measures to guarantee the inmates' safety." *Barney v. Puslipher*, 143 F.3d 1299, 1310 (10th Cir. 1998). Thus, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations omitted). To plead a plausible claim of unconstitutional failure to protect, Plaintiff must allege facts that, if taken as true, could establish both an objective and a subjective component. The objective-component requirement is met if the prisoner alleges facts showing he is or was "incarcerated under conditions posing a substantial risk of serious harm." *See Farmer*, 511 U.S. at 834; *Martinez*, 430 F.3d at 1304.

For the subjective component, a prisoner must prove that each Defendant was "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer*, 511 U.S. at 837; *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001) (Deliberate indifference "requires both knowledge and disregard of possible risks."). In other words, to satisfy the subjective component, Plaintiff must show that each defendant prison official "'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" *Sealock v. Colo.*, 218 F.3d 12105, 1209 (10th Cir. 2000) (citation omitted).

In the complaint, Plaintiff alleges that he "specific[al]ly stated [he] would get hurt" if he was placed in the segregation pod. (Doc. 1, p. 8.) He further alleges that the transfer to the segregation pod occurred despite SCADF staff "knowing [he] was classified protective custody and flagged against people in Segregation Pod." *Id.* at 5. In the grievances filed after the attack and attached to the complaint in this matter, Plaintiff alleges that he "had been telling Sergeant Posch since the Friday before when they forced [him] to go [the segregation pod] that [Plaintiff] couldn't be in [the segregation pod] because [he] would get severely hurt." (Doc. 1-1, p. 1, 6.) In another grievance, Plaintiff alleges that he "told Sergeant Posch when [h]e forced [Plaintiff] to move to [the segregation pod that Plaintiff] wasn't safe up there, that I was going to get hurt." *Id.* at 3. Plaintiff alleges that he "specifically told Sergeant [P]osch on 11/03/2023 [he] couldn't be housed in [the segregation pod and] that [he] was going to get hurt" in that pod because he "wasn't supposed to be around" the inmates he now contends paid inmate Smith to attack him. *Id.* at 5.

"The unfortunate reality is that threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Turner v. Okla. Cty. Bd. of Cty. Comm'rs*, 804 F. App'x 921, 926 (10th Cir. 2020) (unpublished) (citing *Marbury v. Warden*, 936 F.3d 1227, 1236 (11th Cir. 2019) (per curiam) (internal quotation marks omitted); *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) (same)). "[S]ubjective awareness of only *some* risk of harm to a prisoner is insufficient for a deliberate-indifference claim." *Id.* (citing *Marbury*, 936 F.3d at 1238). Rather, "officials must possess enough details about a threat to enable them to conclude that it presents a strong likelihood of injury, not a mere possibility." *Id.* (citing *Marbury*, 936 at 1236 (internal quotation marks omitted)).

Plaintiff has failed to allege sufficiently specific facts to show that any Defendant possessed enough details about a threat to enable them to conclude that there was a strong likelihood of

7

injury, not a mere possibility of injury, if Plaintiff was moved to the segregation pod. Although Plaintiff expressed his concern to Defendant Posch that he felt unsafe and pointed out that he was flagged against certain inmates in the segregation pod, he does not allege that he relayed to any Defendant specific details about a threat to his safety. *See Gray v. Sorrels*, 744 F. App'x 563, 571 (10th Cir. 2018) (unpublished) (finding allegations of failure to protect too conclusory to establish personal participation and failed to allege specific content of emails); *see also Leonard v. Lincoln Cty. Bd. of Comm'rs*, 790 F. App'x 891, 894 (10th Cir. 2019) (unpublished) (finding plaintiff's general request and grievance did not put jail officials on notice that he was at risk of being assaulted). Thus, on the information alleged in the current complaint, Plaintiff has failed to state a plausible failure-to-protect claim.

### IV.     Amended Complaint Required

For the reasons stated herein, this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. In order to add claims or significant fact allegations, Plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. To be clear, Plaintiff may not in the amended complaint simply refer the initial complaint or the attachments to the initial complaint. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including any allegations or claims from the initial complaint that Plaintiff wishes the Court to consider. If Plaintiff feels that attachments are necessary to assert a plausible claim, he must submit those attachments with his amended complaint, even if they were submitted with the initial complaint.

Plaintiff must write the number of this case (24-3110) at the top of the first page of his amended complaint. He must name each defendant in the caption of the complaint and again refer to each defendant in the body of the complaint. In each count of the amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the federal constitutional violations alleged in the complaint, including dates, locations, and circumstances. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum or exhibits. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which may be dismissed for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted to and including **August 13, 2024** in which to file a complete and proper amended complaint upon the required court-approved form that cures the deficiencies identified in this order. If Plaintiff fails to do so, this action may be dismissed without prejudice for failure to state a claim upon which relief may be granted without further prior notice to Plaintiff. The Clerk is directed to send the appropriate form and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated July 9, 2024, in Kansas City, Kansas.**

                **S/ John W. Lungstrum**
                **JOHN W. LUNGSTRUM**
                **UNITED STATES DISTRICT JUDGE**