IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ABEL CRUZ MOLINA,

      **Plaintiff,**

      v.                                        CASE NO. 24-3110-JWL

CALEB POSCH, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Abel Cruz Molina, a state pretrial detainee housed at the Sedgwick County Adult Detention Facility (SCADF) in Wichita, Kansas, initiated this matter by filing a pro se complaint under 42 U.S.C. § 1983. (Doc. 1.) He has been granted leave to proceed without prepayment of fees. (*See* Doc. 4.)

In the complaint, Plaintiff brings claims against Sergeant Caleb Posch, Captain Jarod Scott, and Captain Paula Smith, all of whom work at SCADF. (Doc. 1, p. 1-3.) Plaintiff alleges that he was moved from protective custody at SCADF to the segregation pod despite having been flagged against inmates already housed in the segregation pod and despite telling Defendant Posch that he "would get severely hurt" if he was housed in the segregation pod. (Doc. 1, p. 4-5, 8; Doc. 1-1, p. 1, 3, 5.) After his transfer to the segregation pod, Plaintiff was attacked and injured by other inmates. (Doc. 1, p. 6; Doc. 1-1, p. 1, 3.) As the sole count in the complaint, Plaintiff alleges the violation of his constitutional right to remain free from cruel and unusual punishment; he seeks an investigation of the SCADF and $200,000.00 in damages. (Doc. 1, p. 3-4, 6.)

After reviewing the complaint, the Court issued a memorandum and order (M&O) explaining that this matter is "subject to dismissal in its entirety for failure to state a plausible claim

1

for relief." (Doc. 5, p. 1.) The M&O explained that the complaint does not sufficiently allege the personal participation of Defendants Scott and Smith in an alleged constitutional violation, as required to state a plausible civil rights claim under § 1983. *Id.* at 3-4. With respect to Defendant Posch, the M&O explained that although the complaint alleges an Eighth Amendment violation, it does not allege sufficient facts to support a plausible claim for relief. *Id.* at 4-5. It further explained that even liberally construing the complaint to raise a Fourteenth Amendment failure-to-protect claim, Plaintiff "has failed to allege sufficiently specific facts to show that any Defendant possessed enough details about a threat [to Plaintiff] to enable them to conclude that there was a strong likelihood of injury [to Plaintiff], not a mere possibility of injury, if Plaintiff was moved to the segregation pod." *Id.* at 7-8.

Because the complaint fails to state a plausible claim against any of the three named Defendants, the M&O explained, it is subject to dismissal in its entirety. However, the M&O granted Plaintiff time in which to file a complete and proper amended complaint that cured the deficiencies. *Id.* at 8-9. It expressly cautioned Plaintiff that if he "fails to timely file an amended complaint, the Court will proceed on the current complaint, which may be dismissed for the reasons stated herein without further prior notice to Plaintiff." *Id.* at 9. The deadline for filing an amended complaint was August 13, 2024. *Id.* The Court has received nothing from Plaintiff. Thus, the Court proceeds on the complaint (Doc. 1) and maintains its previous conclusion that this matter must be dismissed for failure to state a plausible claim for relief.

In addition, Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order." *Young v. U.S.*, 316 F. Appx. 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as

permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citations omitted). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." *Young*, 316 F. Appx. at 771–72 (citations omitted). Because the time in which Plaintiff was required to file an amended complaint has passed without Plaintiff doing so, the Court concludes that this action also should be dismissed without prejudice under Rule 41(b).

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** for failure to state a claim on which relief can be granted and, in the alternative, under Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

**Dated August 29, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**